UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JASON CUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:21-cv-00192-JPH-MJD |
| | ) |
| JOHN PLASSE, | ) |
| | ) |
| Defendant. | ) |

**Order Denying Motion for Leave to Proceed *in Forma Pauperis*,
Screening and Dismissing Complaint,
and Allowing Filing of Amended Motion and Complaint**

On April 23, 2021, Vigo County Jail prisoner Jason Custer filed this 42 U.S.C. § 1983 action and a motion for leave to proceed *in forma pauperis*. The Court makes the following rulings.

### I. Motion for Leave to Proceed *in Forma Pauperis*

Mr. Custer's motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied** as presented. Contrary to Court rules, the motion contains the full name of a minor. The **clerk is directed** to maintain a filing restriction on the motion, limiting access to the Court and parties.

Substantively, the motion is not accompanied by a certified copy of Mr. Custer's jail trust account financial transactions for the six-month period preceding the filing of this case, which is required by 28 U.S.C. § 1915(a)(2). Mr. Custer asserts the Vigo County Jail does not provide such statements. Dkt. 2. The Court has, however, received such statements from Vigo County Jail prisoners in the recent past. Mr. Custer should make additional efforts to obtain such a statement from jail officials and re-submit his motion for leave to proceed *in forma pauperis* with that statement attached. If officials continue to refuse to provide the statement, Mr. Custer should identify such officials in a renewed motion – filed with any minors identified by initials only – no

later than **May 29, 2021**. Alternatively, Mr. Custer should pay the $402 filing fee no later than the same date. The failure to either pay the filing fee or resubmit a properly completed motion for leave to proceed *in forma pauperis*, with the financial transaction statement attached, may result in the dismissal of this action without further notice or opportunity to be heard.

## II. Screening Standard

Because Mr. Custer is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III. Mr. Custer's Complaint

Mr. Custer names one defendant in his complaint, John Plasse, who is the Sheriff of Vigo County, Indiana. Dkt. 1. He seeks $150,000 in compensatory damages and injunctive relief.

Mr. Custer's claim, in its entirety, is:

> John Plasse and the Vigo County Jail watch didn't help the matter didn't do anything to make the situation any better from March 8th to June 5th in L-pod[. I've] been on the floor the [whole] time.

Dkt. 1 at 2 (errors in original).

## IV. Discussion

Mr. Custer's complaint must be **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. The "matter" for which Sheriff Plasse did not help or make better is not identified or described. A complaint must provide enough information for a defendant to know what conduct he must defend. *Erickson*, 551 U.S. at 93. Additionally, no injury is alleged. Without an injury, Mr. Custer does not have Article III standing to sue. *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992)). Without allegations to suggest a constitutional violation resulting in a compensable injury, a complaint fails to state a claim for relief.

## V. Opportunity to File Amended Complaint

Before dismissing this action and entering final judgment, Mr. Custer shall have the opportunity to file an amended complaint that cures the deficiencies identified in this Order. An amended complaint must contain the words "Amended Complaint" and this action's case number, 2:21-00192-JPH-MJD, on its front page. The amended complaint must have a short and plain statement of facts indicating what each defendant has done and what injury occurred as a result. An amended complaint must be filed no later than **May 29, 2021**. The failure to file an amended complaint by this deadline will result in the dismissal of this action without further notice or opportunity to be heard.

**SO ORDERED.**

Date: 5/3/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

Jason Custer
18074
Vigo County Jail
201 Cherry Street
Terre Haute, IN 47807